FISCHEL, Appellant, vs. THOMPSON, Respondent.

*October 7—October 24, 1905.*

*Mortgages: Foreclosure: Rights of second mortgagee who redeemed from tax sales: Judgment.*

A second mortgagee who redeemed the land from tax sales thereby acquired merely an addition to his mortgage lien; and in an action to foreclose the first mortgage, wherein it was alleged that his lien was subject to the lien of such first mortgage, the usual judgment of foreclosure, to that effect, cut off his mortgage lien and the addition thereto as well.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

For the appellant there was a brief by *Nath. Pereles & Sons,* and oral argument by *Charles S. Carter.*

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Fawsett,* and oral argument by *F. H. Remington.*

WINSLOW, J. The plaintiff brought an equitable action to establish and enforce a lien upon certain real estate owned by the defendant for the amount of certain taxes thereon paid by the plaintiff, and appeals from a judgment dismissing the complaint. The facts proven were simple and not disputed. The defendant had a first mortgage upon the premises, and the plaintiff a second mortgage. The defendant brought an action to foreclose her mortgage and made the plaintiff a defendant, alleging generally that the present plaintiff had or claimed to have some interest in or lien upon the mortgaged premises, which interest or lien, if any, accrued subsequently to the lien of her mortgage. The present plaintiff had redeemed the premises from certain tax sales prior to the commencement of that action, and made other redemptions during the pendency of the action, and recorded the statutory notice of such redemptions under Stats. 1898, sec. 1159. He

answered in the foreclosure action, setting up his mortgage and praying that the rights of all parties be ascertained and adjudged. The action was referred, but the present plaintiff made no appearance at the hearing, and the usual judgment of foreclosure and sale, barring the rights of all the defendants, except the right of redemption before sale, was rendered. After the redemption period expired the land was regularly sold to the present defendant, at foreclosure sale, for an amount insufficient to pay the first mortgage, and the sale was regularly confirmed. By the present action it is sought to charge the land with a lien for the redemption moneys paid by the present plaintiff.

It is plain that the action cannot be sustained. By redeeming the land from the tax sales the plaintiff discharged the tax liens and acquired a lien therefor of the same nature as his mortgage lien, and constituting simply an addition to his mortgage lien. *Burchard v. Roberts,* 70 Wis. 111, 35 N. W. 286; *Hill v. Buffington,* 106 Wis. 525, 82 N. W. 712; Stats. 1898, secs. 1158–1160. He was made a defendant in the foreclosure action under the usual allegation that his lien, if any, was subject to the lien of the first mortgage, and the judgment rendered in that action, under very familiar principles, cut off his mortgage lien and the additions made to it by his tax redemptions. This principle was fully recognized in the case of *Hill v. Buffington, supra;* but in that case the first mortgagee had expressly recognized in his complaint the existence of the unredeemed tax certificates held by the second mortgagee, and had not attacked them. Under such circumstances we held that the usual judgment of foreclosure could not be construed as referring to such certificates or liens, and hence, when the first mortgagee sued in equity to set them aside as a cloud upon the title, it was held that he would be required to do equity by first paying the amount of the tax liens. There is no such case here. The present defendant, in her foreclosure action, in no way misled the

plaintiff as to her position.    She charged that the present
plaintiff's lien, if any, was subject to her mortgage, and ob-
tained judgment to that effect.    This judgment is conclusive
upon the parties, and fatal to this action.

*By the Court.*—Judgment affirmed.