JOHNSON, Respondent, vs. BANK OF NEW RICHMOND, imp., Appellant.

*December 9, 1925—January 12, 1926.*

*Mortgages: Undelivered satisfaction piece: Application of interest payments as between several mortgages: Payment of taxes by second mortgagee.*

1. A landowner negotiated a loan to pay two mortgages which were in the hands of the mortgagee's agent for collection, but the agent, to whom the proceeds of the new loan were delivered, on learning that there was a subsequent mortgage which had been given to appellant on the same lands, took an assignment of the underlying mortgages as security for

the new mortgage and refused to deliver satisfaction pieces which had been executed and which were in his possession. *Held,* in an action by the plaintiff as assignee to foreclose one of the underlying mortgages, that the appellant is in no position to claim that such mortgage was satisfied, the owner of the land having acquiesced in the transaction and making no defense to this proceeding.  p. 624.

2. A mortgagor paying interest to one holding several mortgages has the right to indicate on which mortgage the payment should be applied; but if the mortgagor makes no complaint against the application which was made, a second mortgagee is not entitled to insist that payment should be applied to any particular mortgage.  p. 624.

3. Sec. 74.67, Stats., operates to give a second mortgagee, who has paid the taxes, merely an addition to his mortgage lien, and not a lien prior to the first mortgage, especially in view of sec. 74.695, Stats. 1925.  p. 625.

APPEAL from a judgment of the circuit court for St. Croix county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

This is an action to. foreclose a mortgage. The appeal is by a subsequent mortgagee of the premises. The facts are as follows: N. C. Pike is a financial agent residing at Lake City, Minnesota. Prior to May 29, 1915, one Thomas Ryan applied to said Pike for a loan, to be secured by a mortgage on farm lands in St. Croix county. On said May 29, 1915, said Pike loaned to the said Ryan $2,500 of the moneys of the Amoskeag Savings Bank, then in his possession, as the agent of said bank. The said Thomas Ryan executed to the said savings bank his promissory note for the sum of $2,500 due May 30, 1920, and a real-estate mortgage to secure the same, covering certain farm lands in St. Croix county, the description of which is immaterial. On September 16, 1919, said Thomas Ryan and wife conveyed said premises to Peter E. Ryan, their son. When said note and mortgage became due, the Amoskeag Savings Bank forwarded the same to N. C. Pike, together with a satisfaction, for the purpose of collection. Ryan was unable to pay the same and made application to Pike for an-

other loan sufficient to discharge the mortgage. At the time Pike had no funds available for the loan and nothing fur-- ther was done until during the winter of 1921, at which time negotiations were resumed between Ryan and Pike for a new loan. It should also be stated that at this time another note and mortgage for $4,000, executed by Ryan to the Amoskeag Savings Bank, was due and unpaid and in the hands of Mr. Pike for collection. As a result of these renewed negotiations a loan of $6,500 to Peter E. Ryan, the son, and grantee of the premises, was arranged, and on the 26th day of March, 1921, Peter E. Ryan executed to *John A. Johnson* a mortgage on the same premises for $6,500 to secure said loan. At the same time Peter E. Ryan executed to Peter Finberg a mortgage to secure a loan of $500, which loan was also negotiated by Mr. Pike. It was understood that the $6,500 loan by *John A. Johnson* was to be used for the purpose of paying the Amoskeag Savings Bank mortgages. The $500 loan of Peter Finberg was to be paid over to Peter Ryan for his personal use. These mortgages were executed by Peter E. Ryan and returned to Mr. Pike by mail. Pike then sent the abstract, which had been delivered to him in connection with the Amoskeag Savings Bank loans, together with the mortgages, to the register of deeds of St. Croix county for the purpose of having the mortgages recorded and the abstract brought down to date. Upon the return of the abstract, about the 7th day of April, 1921, Mr. Pike discovered that on October 13, 1919, Peter Ryan with others had executed to the *Bank of New Richmond* a mortgage covering the lands here in question, together with others, to secure the sum of $20,000. It had been Mr. Pike's intention, if the re-dated abstract had shown a clear title in Peter Ryan, to deliver to him the satisfactions of the Amoskeag Savings Bank's mortgages, which he held in his possession. However, upon discovering the mortgage executed to the *Bank of New*

*Richmond* he concluded to take an assignment of the mortgages running to the Amoskeag Savings Bank and hold them as collateral to the loans thus made. He accordingly remitted to the Amoskeag Savings Bank the amount due on its two mortgages and took assignments thereof running to himself. Thereafter, and before the commencement of this action, he assigned the mortgage here in question to *John A. Johnson,* the plaintiff. This action is to foreclose the $2,500 mortgage assigned by the Amoskeag Savings Bank to Pike and by Pike to *Johnson.* The *Bank of New Richmond* was made a party defendant in this action. The *Bank of New Richmond* answered, alleging that the $6,500 mortgage executed by Peter Ryan to *John A. Johnson* on the 16th day of March, 1921, was executed in payment and satisfaction of the mortgage which is the subject of these proceedings. The court found that the lien of the *Bank of New Richmond* was subsequent to that of the plaintiff and decreed foreclosure. The bank appealed.

*W. T. Doar* of New Richmond, for the appellant.

For the respondent there was a brief by *White & White* of River Falls, and oral argument by *Ferris M. White.*

Owen, J. Appellant's principal contention is that the mortgage which is the subject of the action was paid and discharged. This contention is based upon the fact that at the time Peter Ryan executed the mortgage for $6,500 to the plaintiff, N. C. Pike had in his possession a satisfaction of the $2,500 mortgage. This satisfaction, however, had never been delivered to either Peter Ryan or Thomas Ryan. Pike was the agent of the Amoskeag Savings Bank and his possession of the satisfaction was that of the Amoskeag Savings Bank. The fact that the satisfaction had been forwarded to Pike no more constituted a release of the mortgage than if, after its execution, the president of the bank had thrown it into a drawer of his desk. There is no doubt

that it was the understanding that the $6,500 loaned by *Johnson* to Ryan was to be used in the discharge of the $6,500 mortgages, and that the satisfaction would have been placed on record had the continuation of the abstract disclosed a clear title. The proceeds of the loan remained in the hands of Pike as the agent of *Johnson* until after the return of the abstract. Upon the return of the abstract disclosing the $20,000 mortgage to the *Bank of New Richmond, Johnson* was under no obligation to pay the money over to any one. Until the money was actually paid to the Amoskeag Savings Bank, Ryan was in no position to claim a discharge or satisfaction. Under these circumstances, *Johnson,* acting through Pike as his agent, elected to take an assignment of the $2,500 mortgage from the Amoskeag Savings Bank and hold it as collateral security. This was after Ryan had been advised that the proceeds of the loan could not be used for the discharge of the mortgage but that they could be used so as to operate as an extension of the loan. To this proposition Ryan made no reply, which circumstance constituted an acquiescence thereto. Ryan is not complaining of the disposition made of the proceeds of the loan. He makes no defense against these proceedings. Certainly the *Bank of New Richmond* is in no position to claim that the $2,500 mortgage was satisfied. Its contention in this respect was properly repudiated by the lower court.

It further appears that between March 26, 1921, and the commencement of this action, Peter E. Ryan paid N. C. Pike the sum of $433 to apply on interest. The record is not clear as to where this interest was applied, but it does appear that no part thereof was applied on this $2,500 note and mortgage. Appellant claims that some of it at least should have been so applied. Ryan had a right to indicate on what indebtedness the payments thus made should be applied. He is making no complaint concerning such appli-

cation.   It will be remembered that Pike held three other mortgages against Ryan, the interest on which he was under obligations to pay.   We cannot see that the *Bank of New Richmond* is in any position to insist that the interest should be applied upon this $2,500 note and mortgage.

It also appears that the *Bank of New Richmond* paid the taxes upon said premises for the year 1923, amounting to $125.50.   It contends that sec. 74.67, Stats., gives it a lien for this amount prior to the lien of the $2,500 mortgage. Sec. 74.67, Stats., provides:

"Whenever any person having any lien upon any real estate, obtained pursuant to law, shall have paid any taxes on such real estate or shall have redeemed such real estate, when the same shall have been sold for taxes, he shall have a further lien upon such real estate as against the person under whose title he claims such first lien and all other persons then claiming under him for the amount of money so paid, with interest at the rate of ten per cent. per annum, and against all other persons claiming title to such real estate under such person accruing subsequently to the time of recording the notice hereinafter specified."

This section of the statutes has been construed to give a second mortgagee who has redeemed the land from tax sales merely an addition to his mortgage lien.   *Fischel v. Thompson,* 126 Wis. 73, 105 N. W. 229.   This construction finds clear legislative expression in sec. 74.695, Stats., enacted by the legislature of 1925.

*By the Court.*—Judgment affirmed.